UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT GOODALL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1485** |
| **BARBER BROTHERS CONTRACTING COMPANY, L.L.C., ET AL.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

Before the Court is Defendant Caterpillar Inc.'s ("Caterpillar") Motion to Dismiss[1] Barber Brothers Contracting Company, L.L.C. ("Barber Brothers") as an improperly joined defendant. Caterpillar removed this action from the Twenty-Third Judicial District Court for the Parish of Assumption, invoking this Court's diversity jurisdiction.[2] In the instant motion, Caterpillar argues Barber Brothers' citizenship should be disregarded for the purpose of diversity jurisdiction and the claims against Barber Brothers should be dismissed without prejudice.[3] Plaintiffs Robert Goodall and Erika Williams (collectively, "Plaintiffs") oppose the motion, asserting that they have stated a viable claim under the intentional act exception to the Louisiana Workers' Compensation Act.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion to dismiss and remands this matter to the Twenty-Third Judicial District Court for the Parish of Assumption.

---

[1] Rec. Doc. 26.

[2] Rec. Doc. 1.

[3] Rec. Doc. 26.

[4] Rec. Doc. 28.

## I. Background

On February 29, 2024, Plaintiffs filed this action in the Twenty-Third Judicial District Court for the Parish of Assumption against Defendants Barber Brothers, Caterpillar, and Southern Paving Co., Inc. ("Southern Paving").[5] Plaintiffs allege that Plaintiff Robert Goodall ("Goodall") sustained serious injuries while operating a ride-on roller/compactor manufactured by Caterpillar.[6] Goodall was an employee of Barber Brothers at the time of the accident. Plaintiffs allege that Barber Brothers knowingly directed Goodall to operate the equipment in an area that was too small and unsafe for its use, despite repeated warnings from multiple employees that the machine was unsuitable and dangerous for the space.[7] Plaintiffs allege that the ride-on roller/compactor tilted over, causing serious injuries to Goodall.[8] Plaintiffs allege these acts constitute intentional acts, subjecting Barber Brothers to liability under Louisiana Revised Statute § 23:1032.[9] Plaintiffs also allege that Caterpillar is liable for damages because the machine was "unreasonably dangerous" within the meaning of the Louisiana Products Liability Act.[10]

On June 10, 2024, Caterpillar filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441(b) and 1332.[11] The Notice of Removal alleges that Plaintiffs are citizens of Louisiana, Caterpillar is a citizen of Delaware and Texas, Barber Brothers is a citizen of Louisiana, and

---

[5] Rec. Doc. 1-2.

[6] *Id.* at 2–3.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 6.

[10] *Id.* at 5.

[11] Rec. Doc. 1.

Southern Paving is a citizen of Louisiana.[12] The Notice of Removal alleges that Barber Brothers and Southern Paving were improperly joined solely to defeat diversity jurisdiction.[13] After the case was removed, Plaintiffs did not file a motion to remand or present any briefing regarding improper joinder issue.

On December 17, 2024, the Court granted an unopposed motion to dismiss Southern Paving.[14] On July 22, 2025, Caterpillar filed the instant Motion to Dismiss Barber Brothers.[15] On July 30, 2025, Plaintiffs filed an opposition to the motion.[16] On August 1, 2025, Caterpillar filed a reply brief in further support of the motion.[17]

## II. Parties' Arguments

### A.   *Caterpillar's Argument in Support of the Motion to Dismiss*

Caterpillar contends Barber Brothers is immune from tort liability under the Louisiana Workers' Compensation Act ("LWCA"), and that Plaintiffs' allegations fail to meet the high "intentional act" standard.[18] Caterpillar further argues that Plaintiffs' allegations show, at most, negligence or gross negligence, which is insufficient to invoke the intentional act exception.[19] Caterpillar contends that the petition alleges no specific, non-conclusory facts that would establish

---

[12] *Id.* at 3–4.

[13] *Id.* at 3.

[14] Rec. Doc. 15.

[15] Rec. Doc. 26.

[16] Rec. Doc. 28. The Court granted Plaintiffs leave to file the opposition one day after the deadline set by Local Rule 7.5. Rec. Doc. 33.

[17] Rec. Doc. 29.

[18] Rec. Doc. 26-2 at 5.

[19] *Id.*

that Goodall's use of the "ride-on roller/compactor" would inevitably result in a "tip over" injury.[20] Therefore, Caterpillar contends that there is no reasonable basis for the Court to predict that Plaintiffs would be able to recover against Barber Brothers.[21]

### B.      *Plaintiff's Argument in Opposition to the Motion to Dismiss*

Plaintiffs respond that the Petition sufficiently alleges Barber Brothers knew Goodall's injury was substantially certain to occur.[22] According to Plaintiffs, they have pled facts showing Barber Brothers acted with knowledge that Goodall's injury was substantially certain to follow, satisfying the intentional act exception to the LWCA.[23]

### C.      *Caterpillar's Arguments in Further Support of the Motion*

In reply, Caterpillar argues that Plaintiffs are improperly relying on Louisiana state court decisions that have applied Louisiana pleading standards to deny exceptions of "no cause of action" in cases where a plaintiff used the words "substantially certain" to allege that employers were liable for intentional torts.[24] Caterpillar asserts that use of the words "substantially certain" does not change allegations of gross negligence into intentional tort claims.[25] According to Caterpillar, Plaintiffs' factual allegations are insufficient to infer that it was substantially certain that the machine would tip over.[26]

---

[20] *Id.*

[21] *Id.*

[22] Rec. Doc. 28 at 1.

[23] *Id.* at 3.

[24] Rec. Doc. 29 at 3.

[25] *Id.* at 5.

[26] *Id.*

### III. Legal Standard

The starting point for analyzing claims of improper joinder must be the statutes authorizing removal to federal court of cases filed in state court. The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought."[27] The Notice of Removal alleges this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[28] A case is removable under 28 U.S.C. § 1332 only if there is complete diversity between the parties and the amount in controversy exceeds $75,000.[29]

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.[30] To meet its burden, the removing party must show (1) an actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[31] Caterpillar has not alleged actual fraud in the Petition. The Court will therefore only consider the second approach (*i.e.*, inability to establish a cause of action) in analyzing the propriety of Barber Brothers' joinder.

---

[27] 28 U.S.C. § 1441(b).

[28] Rec. Doc. 1.

[29] *See* 28 U.S.C. § 1332.

[30] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

[31] *Id.* at 646–47.

Consistent with the "heavy burden" mentioned above, several general precepts guide courts when assessing whether non-diverse defendants are joined improperly. First, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the *joinder,* not the *merits* of the plaintiff's case."[32]

Second, the petition *as filed in state court* controls the inquiry.[33] Thus, post-removal filings may not be considered when or to the extent that they present new causes of action or theories not raised in the controlling petition in state court.[34] With respect to matters pleaded in state court, however, the district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff.[35]

Defendants claiming improper joinder based on the second prong must show that there is no possibility of recovery by the plaintiff against the in-state defendant based on the factual allegations in the state petition. In other words, the defendant must show that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant even if the factual allegations of the state court petition are true.[36]

## **IV. Analysis**

Caterpillar moves the Court to dismiss Plaintiffs' claims against Barber Brothers as an improperly joined defendant. Under this standard, Caterpillar must demonstrate that there is no

---

[32] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (emphasis added); *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (in assessing whether a defendant has been improperly joined, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that the plaintiff might do so") (internal citation omitted).

[33] *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (stating that the court must determine if there possibly could be liability "on the pleaded claims in state court").

[34] *See Griggs*, 181 F.3d at 700 (citing *Cavallini,* 44 F.3d at 263).

[35] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Guillory*, 434 F.3d at 308).

[36] *Smallwood*, 385 F.3d at 576.

reasonable basis to predict Plaintiffs could recover against Barber Brothers under Louisiana law, assuming the factual allegation in the state-court petition are true. According to Caterpillar, there is no reasonable basis to predict that Plaintiffs could recover against Barber Brothers because Plaintiff Goodall was employed by Barber Brothers at the time of the accident. Therefore, Caterpillar argues that Plaintiffs' sole remedy against Barber Brothers is under the LWCA.

Under the LWCA an employee's exclusive remedy against an employer for a work-related injury is workers' compensation benefits, unless the injury "is a result of an intentional act."[37] The Louisiana Supreme Court has interpreted the phrase "intentional act" to have the same meaning as "intentional tort" in reference to civil liability.[38] To establish that a workplace injury resulted from an intentional act requires evidence that the employer either: "(1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may have been as to that result."[39]

"To meet the criteria of substantial certainty requires more than a reasonable probability that an injury will occur; this term has been interpreted as being equivalent to inevitable, virtually sure and incapable of failing."[40] For example, Louisiana courts have recognized that the following fact scenarios fall short of establishing that the plaintiff's injuries were inevitable or substantially certain to occur: gross negligence by the defendant;[41] the fact that employers or co-employees

---

[37] La. Rev. Stat. § 23:1032(B).

[38] *Bazley v. Tortorich*, 397 So. 2d 475, 480 (La. 1981).

[39] *Id.* at 481.

[40] *King v. Schuylkill Metals Corp.*, 581 So. 2d 300, 302 (La. Ct. App.), *writ denied*, 584 So. 2d 1163 (La. 1991) (internal citations and quotation marks omitted).

[41] *Hood v. South Louisiana Medical Ctr.*, 517 So. 2d 469, 471 (La. App. 1 Cir. 1987).

should have known that certain conduct or action could result in harm to the plaintiff;[42] an employer's knowledge that a work area is dangerous and makes the occurrence of an accident more likely;[43] an employer's failure to maintain a safe work area or correct unsafe working conditions;[44] and ordering an employee to work in an unsafe place.[45] On the other hand, the Louisiana Third Circuit Court of Appeal has found that an employer committed an intentional act by ordering an employee to work in a ditch that had caved in the previous day and appeared as though it would cave in again.[46] The Louisiana First Circuit Court of Appeal has held that an employer commits an intentional act where it repeatedly sends employees back to work without safety equipment or without remedial measures being taken, and the employees are inevitably injured each time they are sent back to work.[47]

The petition alleges that Barber Brothers' superintendent knowingly ignored repeated warnings and ordered Goodall to operate equipment in an unsafe, confined space.[48] The petition further alleges that Barber Brothers knew such operation presented a hazard substantially certain to result in injury.[49] The Louisiana Supreme Court has held that the issue of whether an employer committed an intentional act is best resolved on a motion for summary judgment rather than an

---

[42] *Faridnia v. Ecolab, Inc.*, 593 So. 2d 936, 938 (La. App. 4 Cir. 1992) (citing *Hudson v. Boh Bros. Constr. Co., Inc.*, 573 So.2d 1284 (La. App. 4 Cir. 1991)).

[43] *Jacobsen v. Southeast Distribs., Inc.*, 413 So.2d 995, 997–98 (La. App. 4 Cir. 1982).

[44] *Gallon v. Vaughan Contractors, Inc.*, 619 So.2d 746, 749 (La. App. 4 Cir.1993) (citing *Dycus v. Martin Marietta Corp.*, 568 So. 2d 592 (La. App. 4th Cir. 1990)).

[45] *Redding v. Essex Crane Rental Corp. of Alabama*, 500 So. 2d 880, 884 (La. App. 1 Cir. 1986) (citing *McDonald v. Boh Bros. Constr. Co., Inc.*, 397 So.2d 846 (La. App. 4 Cir. 1981)).

[46] *Wainwright v. Moreno's, Inc.*, 602 So.2d 734, 739 (La. App. 3 Cir. 1992).

[47] *In Abney v. Exxon Corp*., 98-0911 (La. App. 1 Cir. 9/24/99), 755 So. 2d 283, 289.

[48] Rec. Doc. 1-2 at 4.

[49] *Id.*

exception of no cause of action (Louisiana's equivalent to a motion to dismiss).[50] Caterpillar argues that this caselaw is not controlling because the Court must apply federal pleading standards. The Court finds this argument unavailing because when ruling on improper joinder, the diverse defendant must show that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant.[51] Accepting the allegations in the state court petition as true, Plaintiffs have alleged that Barber Brothers knew injury was inevitable, satisfying the "substantially certain" standard for an intentional act at the pleading stage. Caterpillar has not carried its burden of showing that Barber Brothers was improperly joined.

For this reason, there is not complete diversity among the parties and this Court lacks subject-matter jurisdiction over this matter. Therefore, this case must be remanded to state court. Accordingly,

**IT IS HEREBY ORDERED** that Caterpillar's Motion to Dismiss[52] Barber Brothers as an improperly joined defendant is **DENIED**.

**IT IS FURTHER ORDERED** that the above captioned matter is **REMANDED** to the Twenty-Third Judicial District Court for the Parish of Assumption.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of August, 2025.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **UNITED STATES DISTRICT JUDGE**

---

[50] *Mayer v. Valentine Sugars, Inc.*, 444 So. 2d 618, 619 (La. 1984).

[51] *Smallwood*, 385 F.3d at 576.

[52] Rec. Doc. 26.